Opinion of the Court by
Judge Owsley,
This writ of error is brought to a judgment rendered by default in an action of covenant, in which John Steele was plaintiff and Joseph Steele was defendant.
The declaration, upon the goodness of which the cause exclusively turns, states, “that on the second day of March, 1815, Joseph Steele bargained and sold to John Steele, a tract of land containing one hundred and forty acres, and by his, the said Joseph’s deed of that date, sealed with his seal, and to the court ready to be shewn, he covenanted and agreed to and with the said John Steele, that if the *111 land should be lost by any better claim, the heirs of Richard Steele, deceased, should pay to the heirs of the said John Steele, five hundred dollars, with lawful interest from the date of the covenant;” and for breach, the declaration avers, “that William Taylor, claiming title from — Barbour, has recovered said land from the said John Steele by an older and bettor claim than his, the said John’s; nevertheless, the heirs of the said Richard Steele, deceased, have not paid the said John Steele seven hundred dollars, with lawful interest from the date of said covenant, or any part thereof, but to pay the same or any part thereof, have always refused, and still do refuse; wherefore, the said John says, the said Joseph has not kept and performed his covenant, but has broken the same to the said John’s damage, $1200.”
Objections to the declaration.
Not necessary in a declaration for a breach of a covenant of warranty in a conveyance to alledge that defendant had notice of the recovery by the adverse title.
So, in assumpsit on condition the promisee perform a certain act to even a stranger.
The objections taken by the assignment of errors to the declaration are:
1st. That it is defective in not avering notice either to the heirs of Richard Steele or Joseph Steele, of the recovery of the land by Taylor.
2d. That no cause of action is shewn to exist in favor of John Steele; the covenant being that the heirs of Richard Steele should pay to the heirs of John Steele, and there being no averment of the failure to pay John’s heirs.
The first objection is evidently untenable. It was upon the land being lost by a better claim that Joseph Steele covenanted for the heirs of Richard Steele to pay, and after such an undertaking, it was undoubtedly incumbent upon him to take notice of the happening of the event upon which the payment was to be made, without express warning from others.
Thus, if the defendant assumes, &c. to pay, &c. on the performance of a certain act by the obligee himself, or, on the performance of an act by him to any certain person, the defendant is bound to take notice of the performance of the act, and notice to him by the obligee is not necessary.
So, on a bond to indemnify obligee from alimony and debts of his wife's notice of suit for such cause need not be averted.
Where the covenant is for payment in the heris of the covenantee, non payment to him as no breach.
Where a feoffment is on condition, he shall pay the feoffee or his heir, the payment shall not be to the executor.
So, if the condition of a bond be to indemnify the obligee from alimony and debts incurred by his wife, after their separation, the obligee being sued for a debt of his wife’s, need not, in an action on the bond, allege notice of the action commenced, but without such allegation, is entitled to the costs of the action as well as the debt.
And so too, if the defendant assumes in consideration of such a certain act, it is sufficient to aver performance of the act, without alleging notice of the performance to the defendant. Com. Dig C. 75.
The second objection is entitled to more weight.
That objection is predicated upon the supposition that the declaration contains no sufficient assignment of a breach of the covenant. If. in truth, there be no good breach assigned, the conclusion is irresistable against a cause of action having been shewn to exist in John Steele. And that there is no sufficient breach assigned, we apprehend, admits of no reasonable doubt.
If the undertaking of Joseph Steele had been that the heirs of Richard Steele should pay John Steele, the alleged failure of the heirs of Richard Steele to pay John Steele, would doubtless be a good breach of the covenant; but instead of such an undertaking, the covenant of Joseph Steele is, that the heirs of Richard Steele should pay the heirs of John Steele, and to construe such a covenant into an undertaking to pay John Steele, would not only do violence to the words employed in the deed of covenant, but would moreover outrage the established rules of construction.
Thus, it is said if a feoffment be upon condition, that he pay to the feoffee or his heirs; that the payment ought to be to the heir, and cannot be to the executor, Coke L. 210 a. So if a condition be to pay such whom the obligee shall namely his will, and he does not name any; the payment shall not be to his executor, for there ought to be an express nominee. Com. Dig. Condition G. 2. Co. L. 210. a. n. 108,
An obligation to pay the heir of J. S. is not charged by payment to him.
Huggin, for plaintiff.
We might multiply citations of authorities of like import, but those to which we have referred are amply sufficient to prove that, as, by the covenant of Joseph Steele, the payment was to be made to the heirs of John Steele, payment could not have been regularly made to him, and of course the alleged non-payment to him constitutes no good breach of the covenant.
The judgment must, therefore, be reversed with cost, the cause remanded to the court below, and the plaintiff there be permitted to amend his declaration if he should apply for leave to do so, and if not, then his cause must be dismised with cost.